IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

Plaintiff,

v. Civil Action No. 1:12CV88
(STAMP)

BETTY PARMER, SECURE US, INC.
and MITCH BROZIK,

Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT MITCH BROZIK'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND**
**DIRECTING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT**

I. Procedural History

Originally, Security Alarm Financing Enterprises, Inc. ("SAFE") filed the above-styled civil action in this Court only against the defendants, Secure US, Inc. ("Secure US") and Betty Parmer ("Parmer"). In its complaint, SAFE asserted a claim of successor liability as a result of the sale of defendant Secure US, in addition to seeking a declaration that SAFE's judgment lien continues to attach to defendant Secure US's assets, as the sale of defendant Secure US was not commercially reasonable. Defendant Secure US then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, which SAFE opposed. Thereafter, SAFE filed a request for entry of default as to defendant Parmer, as defendant Parmer failed to file a timely responsive pleading to SAFE's complaint. This Court then ordered

that default be entered against defendant Parmer. After default was entered, SAFE requested that this Court enter a default judgment against defendant Parmer. At that time, defendant Parmer filed a motion to set aside default.[1] SAFE then filed a motion to amend its complaint wherein it sought to add two additional claims and one additional party.

In its memorandum opinion and order, this Court first denied defendant Secure US's motion to dismiss, as this Court found that SAFE had stated sufficient factual allegations to state a claim upon which relief may be granted. This Court then determined that good cause existed to set aside default as to defendant Parmer, and denied SAFE's motion for default judgment. As to the plaintiff's amended complaint, this Court found that granting SAFE leave to amend would not prejudice the defendants, nor were the amendments sought futile or brought in bad faith.

Thereafter, SAFE filed its amended complaint, wherein it added claims for fraud and conspiracy to commit fraud. Included in these two additional claims is an additional party, defendant Mitch Brozik ("Brozik").[2] In response to the claims, defendant Brozik

---

[1]Defendant Parmer entitled this motion and referred to her request as a motion to set aside default judgment. However, as this Court had not entered default judgment against defendant Parmer at the time of this filing, this Court construes defendant Parmer's motion as a motion to set aside default.

[2]This Court notes that defendant Brozik is not included in the heading of Count III. In SAFE's request for relief for Count III, however, SAFE requests relief against "Brozik and Secure US." ECF

filed a motion to dismiss seeking to dismiss both Counts III and IV, which are the claims for fraud and conspiracy to commit fraud respectively. In support of his motion, Brozik argues: (1) the claim for fraud was not plead with the requisite specificity; (2) SAFE's allegations against defendant Brozik are subject to waiver for failure to act; and (3) SAFE has failed to join an indispensable party. SAFE responded in opposition and defendant Brozik thereafter filed a reply in support of his motion. Accordingly, the motion is fully briefed and ripe for review. For the reasons set forth below, this Court denies defendant Brozik's motion to dismiss.

## II. Facts

This action arises out of the sale of defendant Secure US to defendant Parmer. In 2010, a judgment was entered in favor of SAFE against defendant Secure US in the amount of $1,132,028.42. This judgment was the result of counterclaims filed by SAFE in a separate proceeding for defamation, tortious interference, and common law unfair competition. Thereafter, SAFE registered a certified copy of the judgment with this Court. At that time, SAFE obtained a lien upon defendant Secure US's assets after this Court issued a writ of fieri facias. SAFE then filed a motion for the sale of defendant Secure US's customer accounts, which defendant

No. 67 *17. Thus, for purposes of this order, this Court treats defendant Brozik as a named party as to Count III.

Secure US opposed. The Milan Puskar Amended and Restated Revocable Trust ("the Trust"), an entity that alleged it had superior lien of defendant Secure US's property in the amount of $4.4 million, then intervened to oppose the sale as well. Both the Trust and defendant Secure US opposed the sale by stating that the sale amount would not satisfy the Trust's lien. United States Magistrate Judge James E. Seibert then found that SAFE's motion for sale should be granted and this Court agreed, overruling objections from the Trust and defendant Secure US.

Defendant Secure US then requested that SAFE agree to postpone the sale to pursue additional settlement negotiations. SAFE and defendant Secure US filed a proposed agreed order continuing the sale for the purpose of engaging in settlement discussions. This Court then issued an order continuing such sale until May 16, 2012, for the purpose of working towards a settlement. SAFE alleges that after this Court issued the order, defendant Secure US refused to continue settlement negotiations. SAFE contends that on April 20, 2012, it received a notice in the mail regarding a secured party sale of defendant Secure US's assets. This notice stated that such sale would take place on May 5, 2012.

SAFE asserts that defendant Parmer bought the Trust's notes for $2.5 million prior to the scheduled sale. SAFE further asserts that defendant Parmer is defendant Brozik's aunt, and has no history in the security alarm business, which defendant Secure US

conducts. Defendant Brozik was the owner of defendant Secure US until defendant Parmer eventually purchased defendant Secure US. SAFE contends that it sent a letter objecting to the sale based on irregularities and unusual terms that would discourage buyers, which reached the attorney who would be conducting the sale. SAFE further contends that the attorney conducting the sale did not adequately respond to potential buyers, specifically a Mr. Patrick Egan.

Regarding the sale itself, SAFE asserts that numerous issues existed. Specifically, SAFE alleges that potential buyers were only allowed to walk through the office and look around, and no inspection of what was contained in the file cabinets was allowed. Further, SAFE alleges that the potential buyers were denied access to Secure US's warehouse, which contained contents that were part of the auction. SAFE also alleges that instead of defendant Parmer accepting a $3.6 million cash bid for the assets, defendant Parmer purchased the assets of the company for $4 million by issuing a credit bid.

SAFE asserts that after purchasing these asserts, defendant Parmer retained defendant Brozik's new company, MB Security, to manage, control and operate the assets as a security alarm monitoring business. SAFE further, asserts that defendant Brozik uses MB Security to manage and control the assets that defendant

Parmer purchased from defendant Secure US, in the exact same manner he used them to run defendant Secure US prior to its sale.

## III. Applicable Law

### A. Motion to Dismiss Under 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the

complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

B. Motion to Dismiss Under Rule 12(b)(7)

Federal Rule of Civil Procedure 19 establishes a two-step inquiry to determine whether an action may continue without the joinder of additional parties. Nat'l Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc., 210 F.3d 246, 249 (4th Cir. 2000). The Court first must determine whether the absent party is "necessary" to the action. Fed. R. Civ. P. 19(a). A party may be "necessary" if in the party's absence, the court cannot accord complete relief among existing parties[,]" or if the party claims an interest relating to the action and disposing of the action in the party's absence would "impair or impede the person's ability to protect the interest" or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

If the party is in fact necessary, the Court must then determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19 outlines several factors for the Court to consider in determining whether a necessary party's absence

warrants dismissal, including "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties," the available options for mitigating any prejudice, the adequacy of a judgment in the necessary party's absence, and "whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Id.

"Dismissal of a case is a drastic remedy, however, which should be employed only sparingly." Nat'l Union Fire Ins., 210 F.3d at 250 (quoting Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 918 (4th Cir. 1999)). "In determining whether to dismiss a complaint, a court must proceed pragmatically, 'examin[ing] the facts of the particular controversy to determine the potential for prejudice to all parties, including those not before it.'" Id. The party moving for dismissal under Rule 12(b)(7) bears the burden of showing an absent party is indispensable. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).

## IV. Discussion

### A. Motion to Dismiss Under Rule 12(b)(6)

Under West Virginia law, the essential elements of fraud are as follows:

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

Poling v. Pre-Paid Legal Servs., Inc., 575 S.E.2d 199, 202 (W. Va. 2002) (quoting Horton v. Tyree, 139 S.E. 737, 738 (W. Va. 1927)). Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit has interpreted Rule 9(b) as requiring that a complaint identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted). The primary purpose of Rule 9(b) is to ensure "that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of." Id. In ruling on a motion to dismiss pursuant to Rule 9(b), the Fourth Circuit has cautioned that "if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts" the district court should hesitate in dismissing the action. Id.

Defendant Brozik argues that as to the initial three elements of a fraud claim, SAFE has failed to state a claim of fraud as to him because its allegations of fraud are conclusory and such, conclusory allegations fail to state a time, place or the contents

of the alleged fraud. Further, defendant Brozik argues that the conspiracy to commit fraud claim should also be dismissed as to him because fraud is the “gravamen” to the conspiracy to commit fraud claim. In response, SAFE asserts that it did allege sufficient facts necessary to satisfy Rule 9(b) standards.

This Court finds that it is necessary to deny defendant Brozik’s motion to dismiss as to both the fraud and conspiracy to commit fraud claims based on insufficient allegations as to the first three elements of a fraud claim. This Court cannot say with confidence that, under the facts currently alleged, SAFE is not entitled to relief under these two claims. As to the fraud claim, SAFE does allege that defendant Brozik “authorized, instructed, or otherwise knowingly participated in Secure US’s fraudulent misrepresentation to SAFE regarding its intent to engage in good faith settlement negotiations.” While Secure US’s fraudulent misrepresentations are sufficiently alleged in regards to the time, place and contents requirements in the preceding paragraphs of the complaint, the requirements for defendant Brozik’s involvement in those misrepresentations are not. Thus, in order to allow defendant Brozik to reasonably answer the complaint, SAFE is directed to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The statement should state with particularity the circumstances constituting fraud.

Specifically, it should state the time, place, and contents of the false representations made by defendant Brozik.

Defendant Brozik next argues that as to the damages element, SAFE's fraud claim fails for lack of damages. As the plaintiff notes, however, it is well established that under West Virginia law, a plaintiff who has been injured by the fraudulent conduct of a defendant is entitled to an award of attorneys' fees. Bowling v. Ansted Chrysler-Plymouth-Dodge Inc., 425 S.E.2d 144 (W. Va. 1992). In his reply, defendant Brozik seems to argue that it is impossible for SAFE to have been injured by any of Brozik's alleged misrepresentations, and therefore, impossible for it to have incurred any damages as a result of such misrepresentations. This Court disagrees. SAFE is at least alleging that based on misrepresentations made that resulted in the postponement of SAFE's court-ordered sale of defendant Secure US, it was injured, as it incurred attorneys' fees seeking a declaration that the secured party sale was a sham that did not extinguish SAFE's judgment lien on defendant Secure US's assets. This Court finds such a claim is sufficient to satisfy the damages element of the fraud claim.

B. Waiver for Failure to Act

In West Virginia, to establish waiver, "there must be evidence demonstrating that a party has intentionally relinquished a known right." Potesta v. U.S. Fidelity & Guar. Co., 504 S.E.2d 135, 142 (W. Va. 1998) (citations omitted). The waiver may be expressed or

implied but if the waiver is implied, "there must be clear and convincing evidence of the party's intent to relinquish the known right." Id. The party asserting waiver has the burden of establishing the defense. Id. Accordingly, in this instance, the burden is upon the defendant to prove such waiver.

Defendant Brozik asserts that SAFE's failure to take any proactive steps, such as judicial intervention, to prevent the sale that it now complains of, constitutes a waiver of SAFE's right to now complain of such sale. This Court, however, finds that the defendant has not presented this Court with clear and convincing evidence that SAFE did waive any such rights. Initially, this Court notes that defendant Brozik did not allege that SAFE expressly waived any of its rights, and this Court also finds no such waiver based on the record. Further, SAFE did not take any action that this Court is aware of, which would allow the defendants to believe that SAFE was giving up any rights associated with the sale. Moreover, as SAFE notes, this Court is unaware of any precedent that requires that a creditor seek to enjoin a sale of the debtor's assets in order to secure its rights to bring claims similar to those asserted in this action after such sale is completed. Accordingly, this Court concludes that SAFE did not waive its right to assert the claims made in its complaint.

C. Indispensable Party

Under Rule 19(a), this Court must first determine whether the absent party is a necessary party prior to determining whether such party is indispensable under Rule 19(b). Fed. R. Civ. P. 19(a)-(b). To determine whether a party is a necessary party for purposes of Rule 19(a), this Court must determine if: "(1) complete relief can be accorded among the present parties to the lawsuit; (2) the absent party's ability to protect its interest will be impaired; and (3) any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined." Thomas v. United States, 189 F.3d 662, 667 (7th Cir. 1999) (citing Fed. R. Civ. P. 19(a)).

Defendant Brozik claims that ICV Partners ("ICV") is a necessary party. Defendant Brozik alleges that ICV is the parent corporation of SAFE based on a press release issued in December 2012. As the parent corporation, defendant Brozik alleges that ICV has an interest in the outcome and is irrevocably affected by the outcome because ICV has acquired all SAFE's assets, including the outstanding judgment. SAFE responds by asserting that ICV is not its parent corporation. In support of this assertion, SAFE notes that ICV's press release, cited by defendant Brozik, indicates that ICV acquired SAFE Security, Inc., rather than SAFE, the plaintiff in this action. In its reply, defendant Brozik does not contest this assertion. Accordingly, because it seems that ICV is not

SAFE's parent corporation and defendant Brozik does not assert any further connection between the two corporations, this Court finds that ICV does not have an interest in this action. Thus, ICV is not a necessary party, and therefore, this Court need not address whether ICV is an indispensable party for purposes of dismissal.

## V. Conclusion

For the reasons stated above, defendant Brozik's motion to dismiss (ECF No. 75) is DENIED. The plaintiff, however, is DIRECTED to file a more definite statement in accordance with the above findings as to its fraud and conspiracy to commit fraud claims on or before **November 21, 2013**.[3]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 31, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

[3]SAFE is further DIRECTED to amend the heading and request for relief in Count III, SAFE's fraud claim, so as to be clear as to which parties SAFE is asserting a claim of fraud.