IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

    Plaintiff,

v.                                    Civil Action No. 1:12CV88
                                                (STAMP)
BETTY PARMER, SECURE US, INC.
and MITCH BROZIK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**[1]

## I. Procedural History

Originally, Security Alarm Financing Enterprises, Inc. ("SAFE") filed the above-styled civil action in this Court only against the defendants, Secure US, Inc. ("Secure US") and Betty Parmer ("Parmer"). In its complaint, SAFE asserted a claim of successor liability as a result of the sale of Secure US, in addition to seeking a declaration that SAFE's judgment lien continues to attach to Secure US's assets, as the sale of Secure US was not commercially reasonable. Secure US then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, which SAFE opposed. Thereafter, SAFE filed a request for entry of default as to Parmer, as Parmer failed to file a timely responsive pleading to SAFE's complaint. This Court then

---

[1]This Court notes that, for reasons more fully explained below, this Court construes SAFE's notice of voluntary dismissal as a motion for voluntary dismissal.

ordered that default be entered against Parmer.  After default was entered, SAFE requested that this Court enter a default judgment against Parmer.  At that time, Parmer filed a motion to set aside default.[2]  SAFE then filed a motion to amend its complaint wherein it sought to add two additional claims and one additional party.

In its memorandum opinion and order, this Court first denied Secure US's motion to dismiss, as this Court found that SAFE had stated sufficient factual allegations to state a claim upon which relief may be granted.  This Court then determined that good cause existed to set aside default as to Parmer, and denied SAFE's motion for default judgment.  As to the plaintiff's amended complaint, this Court found that granting SAFE leave to amend would not prejudice the defendants, nor were the amendments sought futile or brought in bad faith.

Thereafter, SAFE filed its amended complaint, wherein it added claims for fraud and conspiracy to commit fraud.  Included in these two additional claims is an additional party, defendant Mitch Brozik ("Brozik").  In response to the claims, Brozik filed a motion to dismiss seeking to dismiss both Counts III and IV, which are SAFE's claims for fraud and conspiracy to commit fraud respectively.  This Court denied Brozik's motion to dismiss, but

---

[2]Parmer entitled this motion and referred to her request as a motion to set aside default judgment.  However, as this Court had not entered default judgment against Parmer at the time of this filing, this Court construed Parmer's motion as a motion to set aside default.

2

ordered SAFE to file a more definite statement as to the time, place, and contents of the false representations made by Brozik. As to Brozik's waiver argument and indispensable party argument, this Court found that SAFE did not waive its right to assert the claims in its amended complaint nor did SAFE fail to join an indispensable party. SAFE thereafter filed a more definite statement in compliance with this Court's order.

Brozik then filed a second motion to dismiss, and Secure US filed an answer and a counterclaim. In response to the counterclaim, SAFE filed a motion to strike the counterclaim or in the alternative to dismiss the counterclaim. This Court granted SAFE's motion to strike, finding that SAFE did not change the theory and scope of the case in regards to Secure US so as to allow such amendment without leave of court and Secure US failed to seek such leave to add its counterclaim. As to Brozik's second motion to dismiss, this Court denied the motion, finding that SAFE adequately pled its claim for fraud and again finding that SAFE did not waive its right to assert any claims in its amended complaint.

After Brozik and Secure US filed motions to amend the scheduling order, which this Court granted, Brozik and SAFE filed motions for summary judgment. This Court denied both Brozik's and SAFE's motions for summary judgment finding that genuine issues of material fact precluded an entry of summary judgment for either party.

After entry of this Court's memorandum opinion and order concerning Brozik's and SAFE's motions for summary judgment, SAFE and Parmer filed a stipulation for entry of judgment. Brozik filed objections to the stipulation but later withdrew the objections, through a stipulation between SAFE, Parmer, and himself. This Court provided an opportunity for Secure US to object to the stipulation if it felt it necessary but Secure US declined to file any written objections. The parties filed a third and final stipulation, this stipulation being entitled "amended stipulation for the withdrawal of objections and entry of judgment against defendant Betty Parmer," which was agreed to by all parties appearing in this case. It is upon this third stipulation that this Court based its judgment order.

After SAFE and Parmer filed the first stipulation but before the second and third stipulations were filed, SAFE also filed a notice of voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure as to the remaining defendants, Brozik and Secure US, and the remaining counts of the complaint. This Court notes that Rule 41(a)(2) requires a plaintiff at this stage to obtain a court order to voluntarily dismiss an action. Accordingly, this Court construes SAFE's notice of voluntary dismissal as a motion for voluntary dismissal. Further, this Court notes that SAFE failed to include whether it desired such dismissal to be with or without prejudice. At a conference held on April 28,

4

2014, concerning this motion and other filings, SAFE indicated that it wished such dismissal to be without prejudice and reconfirmed this at the conference held on May 19, 2014.  Brozik and Secure US made oral objections at the April 28, 2014 conference to the dismissal being without prejudice and indicated that they believed such dismissal should be with prejudice.  At the later conference, on May 19, 2014, only Secure US objected to the dismissal being without prejudice.

For the reasons stated below, this Court grants SAFE's motion for voluntary dismissal without prejudice.

## II. Discussion

As noted above, SAFE filed a notice of voluntary dismissal pursuant to Rule 41(a)(2), which this Court construes as a motion for voluntary dismissal due to Rule 41(a)(2)'s requirement that SAFE obtain a court order prior to dismissal of this action.  Rule 41(a)(2) states in pertinent part that unless all parties stipulate to the dismissal or an answer or motion for summary judgment has not been filed "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." While the motion itself does not state that it seeks dismissal without prejudice, SAFE confirmed at conferences held on April 28, 2014 and May 19, 2014, that it sought dismissal without prejudice. Brozik initially objected to dismissal being without prejudice at the April 28, 2014 conference but later withdrew this objection at

the May 19, 2014 conference.  Secure US has at all times maintained its objection to the dismissal being entered without prejudice.

In considering a motion for voluntary dismissal without prejudice, "the district court must focus primarily on protecting the interests of the defendant." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).  Generally, however, "such a motion is granted unless there is 'substantial prejudice' or 'plain legal prejudice' to the defendant." Teck General Partnership v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998).  A non-exhaustive list of the factors to be considered concerning the prejudice to the defendant are: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id. (quoting Gross v. Spies, Nos. 96-2146, 96-2203, 96-2150, 96-2149, 96-2147, 96-2204, 1998 WL 8006, *5 (4th Cir. 1998)(unpublished)).  The "prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis, 819 F.2d at 1274-75.

After an evaluation of these factors, this Court grants SAFE's motion for voluntary dismissal without prejudice.  Initially, this Court notes that only one of the three defendants, which is Secure

US, objects to the dismissal being without prejudice and Secure US did not provide any written objections concerning the matter, even though it was provided with time to do so. This Court recognizes that the first and fourth factors seem to weigh in favor of denying the motion for voluntary dismissal without prejudice due to the current stage of litigation. This Court, however, believes that the remaining factors and the fact that the majority of the parties agree to a dismissal without prejudice weighs in favor of granting the motion to dismiss without prejudice.

As to the explanation for the need for dismissal, SAFE states that it no longer wishes to pursue the remaining claims against Parmer, Brozik and Secure US. This is most likely due to a stipulation for judgment entered by the parties, wherein SAFE and all defendants request that this Court enter a judgment against Parmer on Counts I and II. This stipulation specifically requests this Court to find that SAFE's lien on Secure US's property was not extinguished by the secured party sale conducted on Parmer's behalf, that Parmer took Secure US's assets subject to SAFE's lien, that Parmer is a successor in liability to Secure US, and that Parmer is liable to SAFE for the amount of $1,132,028.42.

Further, this Court does not find that SAFE has acted with excessive delay or lack of diligence, as it has no basis to make such a finding. SAFE's reasoning for filing the motion for voluntary dismissal is that in light of the stipulation with the

7

defendants, it no longer desires to assert causes of action against Brozik or Secure US, or the civil conspiracy claim against Parmer. SAFE filed the first stipulation it is referring to on the same date as it filed its motion for voluntary dismissal.[3] Accordingly, SAFE does not seem to have delayed at all in filing its motion for voluntary dismissal after the purpose for filing the motion occurred. Accordingly, due to SAFE's explanation being adequate, the lack of excessive delay or diligence, and the agreement between the majority of parties involved, this Court finds that it is proper to grant SAFE's motion for voluntary dismissal with prejudice.

III. Conclusion

For the reasons stated above, Security Alarm Financing Enterprises, Inc.'s motion for voluntary dismissal (ECF No. 147) is GRANTED WITHOUT PREJUDICE.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[3]This Court notes that the judgment order in this case, however, is based on the parties' third stipulation for entry of judgment, which was signed by all parties, but such stipulation requests judgment on the same counts as the initial stipulation.

DATED:     May 22, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE