IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

    Plaintiff,

v.                              Civil Action No. 1:12CV88
                                          (STAMP)
BETTY PARMER, SECURE US, INC.,
and MITCH BROZIK,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S ORDER OF SALE**
**AND OVERRULING DEFENDANT'S OBJECTIONS**

I.  Background

In this civil case, defendant Mitch Brozik ("Brozik") objects to the sale of assets to satisfy a judgment that this Court awarded to plaintiff Security Alarm Financing Enterprises, Inc. ("SAFE") on May 22, 2014. This case involves an alleged sham sale of Brozik's former company, Secure US, Inc. ("Secure US"), to his aunt, Betty Parmer ("Parmer"). Brozik allegedly sold Secure US to Parmer to avoid a monetary judgment that plaintiff received. On May 22, 2014, this Court entered a judgment for plaintiff against Parmer equaling $1,132,028.42. Then on May 28, 2014, this Court issued an order granting the plaintiff's writ of fieri facias and appointed United States Magistrate Judge James E. Seibert as the officer to seize and sell the property of Secure US in order to satisfy the judgment against it.

On June 19, 2014, SAFE filed a motion seeking an order of sale of assets.[1] Following this, the magistrate judge held an evidentiary hearing on July 15, 2014, where all parties involved presented evidence and testimony regarding SAFE's motion. During the hearing, all witnesses testified that as time passed, the assets' value would decrease. Magistrate Judge Seibert entered an order granting the motion for sale of assets finding (1) the testimony and evidence presented credible, aside from Brozik's testimony to the contrary and (2) that the sale should proceed because it is in the best interests of the parties. Brozik asserted that a pending state court claim, scheduled for September 2, 2014, remained pending between him and Parmer regarding ownership of the assets to be sold. Thus, he argued, the sale should not be granted until the pending state court claim was resolved. Despite this, Magistrate Judge Seibert found it in the best interest of the parties to enter an order for the sale of assets because of the continued decline in the assets' value resulting from this continued litigation. Under the Sale Orders, the sale was scheduled to occur on Tuesday, September 9, 2014, at 9:30 a.m.

---

[1]Brozik's objections in this opinion specifically refer to Magistrate Judge Seibert's "Amended Order Attaching Notice of Sale to Order Granting Motion for Sale of Assets" (ECF No. 187). However, this later amended order incorporates the terms of the prior order of sale (ECF No. 186). Thus, this Court refers to both orders collectively as "Sale Orders" and applies Brozick's objections to both.

2

Following Magistrate Judge Seibert's Sale Orders, Brozik filed both an objection and supplemental objection on August 25, 2014. Brozik objects to the Sale Orders on four grounds. First, Brozik argues that sale should include no vehicles, referring to testimony he claims shows that the vehicles were not included in the sale of Secure US to Parmer.

Second, Brozik claims that his testimony has credibility regarding the assets' value. In Magistrate Judge Seibert's order, he states that Brozik is not credible regarding determinations of the assets' value, where Brozik argued that the assets would not decline in value. In objecting to the order, Brozik refers to Pat Egan ("Egan"), who currently manages the assets, suggesting that Egan's statements were incorrect and thus Egan, rather than Brozik, lacks credibility.

Third, Brozik objects to the funds not being placed in escrow. Under Magistrate Judge Seibert's order, Brozik would be reimbursed for any variations from the sale prices in his favor that arise from the state court claims regarding the ownership of the assets. Fourth, Brozik argues that his personal property should not be included in the asset sale because the value from the sale will fail to fully reimburse him regarding the personal property's intrinsic and sentimental value.

On August 25, 2014, Brozik filed a supplemental objection that provides a fifth objection. Brozik here claims that the assets

3

would be subject to a state court hearing to determine ownership on September 2, 2014. Because the ownership of assets remained in controversy, Brozik argues that the sale should be postponed until after the state court claims regarding ownership are litigated.

In response to Brozik's objections, SAFE filed a response on August 29, 2014. In the response, SAFE asserts three claims. First, SAFE argues that the state court proceedings concluded in its favor. Second, SAFE claims that Brozik's credibility argument against Pat Egan's testimony concerning the ownership of the vehicles is irrelevant. Specifically, plaintiff points to the bill of sale on record, which indicates that at the time of conveyance, the vehicles were included in the assets conveyed to Parmer. Finally, plaintiff argues that it will suffer irreparable harm should the sale date be moved because of the harm to the assets' value.

For the reasons stated below, this Court upholds the order of sale and overrules Brozick's motion

## II. Applicable Law

Title 28, United States Code, Section 636(b)(3) provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." See also L. R. Civ. P. 72.01 (stating that a magistrate judge of this district is designating to perform, and may be assigned, any duty allowed by law to be performed by a magistrate

judge). This "additional duties" clause of § 636 does not provide a statutorily defined standard of review. However, because "orders relating to postjudgment execution . . . are more analogous to nondispositive pretrial discovery dispositions," this Court applies the "clearly erroneous" standard of review to the magistrate judge's order. Fuddruckers, Inc. v. KCOB I, L.L.C., 31 F. Supp. 2d 1274, 1276 n.1 (D. Kan. 1998); see also 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3068.1 (2d ed. 1997) ("[o]rders regarding the scheduling of postjudgment discovery, for example, hardly seem to warrant de novo reexamination by the district court").

Under the clearly erroneous standard, the court must accept the trier's findings of fact and the conclusions drawn from it, unless "after scrutinizing the entire record, [the court] form[s] a strong unyielding belief that a mistake has been made." Avery v. Hughes, 2010 WL 1009987, No. 09-CV-265 (D.N.H. Mar. 16, 2010) (quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)). Or, stated differently, clearly erroneous means that "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); see also Story v. Norwood, 659 F.3d 680, 685 (8th Cir. 2011) (expounding on clear error standard).

III. <u>Discussion</u>

As mentioned above, Brozik first argues that the sale should include no vehicles. He refers to Egan's testimony that vaguely suggests Egan may not have thought the vehicles were to be included in the sale. Brozik also provides other testimony he claims may demonstrate that the vehicles should not be included. The magistrate judge found this assertion fruitless, and ordered the cars to be included in the sale. Further, the magistrate judge also provided that if any assets later proved to be owned by someone other than Parmer, then Brozik may be reimbursed if the circumstances warrant. In its response to this objection, SAFE argues that Brozik's credibility argument against Pat Egan's testimony concerning the ownership of the vehicles is irrelevant. Specifically, SAFE points to the bill of sale on record, which indicates that at the time of conveyance, the vehicles were included in the assets conveyed to Parmer.

This Court agrees with the magistrate judge's Sale Orders. Brozik bases his entire objection regarding the vehicles on only a handful of irrelevant and ambiguous phrases muttered by Egan. This hardly demonstrates that the magistrate judge clearly made a mistake. Thus, this Court affirms the magistrate judge's Sale Orders and overrules Brozik's objection.

Brozik next claims that his testimony has credibility regarding the assets' value. In Magistrate Judge Seibert's order,

he states that Brozik is not credible regarding determinations of the assets' value, where he argued that the assets would not decline in value. In objecting to the order, Brozik refers again to Egan's testimony, suggesting that Egan's statements were incorrect and thus Egan, rather than Brozik, lacks credibility. However, in the magistrate judge's Sale Orders, he points out that SAFE used the testimony of witnesses who have vast experience both in the security industry and with the assets at issue.

This Court affirms the magistrate judge's Sale Orders and findings as to that objection. The testimony Brozik provided is not convincing. At most, the testimony provides instances where witnesses misidentified individuals that lacked any consequence to the action, or attempts to corroborate Brozik's testimony so as to increase his credibility. This is irrelevant to whether the Sale Orders should proceed. Thus, this Court affirms the magistrate judge's order and overrules Brozik's objection.

Next, Brozik objects to the funds not being placed in escrow. Further, he also objects that his personal property should not be included in the sale of assets because the value from the asset sale will fail to fully reimburse him regarding the personal property's intrinsic and sentimental value. Under Magistrate Judge Seibert's Sale Orders, Brozik would be reimbursed for any variations from the sale prices in his favor that arise from the state court claims regarding the ownership of the assets. The

magistrate judge provided this reimbursement contingency which will protect any value Brozik may deserve from the sale.  The potential for reimbursement protects Brozik in the event that he may be owed anything from the sale or if future proceedings impact ownership of the assets.  Thus, this Court agrees with the magistrate judge's order and overrules Brozik's objection.

Finally, Brozik objects to the Sale Orders because the assets are subject to a state court proceeding to determine ownership on September 2, 2014.  Because the ownership of assets remained in controversy, Brozik argues that the sale should be postponed until after the state court claims regarding ownership are litigated.  Again, the magistrate judge provided in the order that Brozik would be reimbursed for any value he may be owed after the sale, should circumstances warrant or ownership of the assets change.  Further, SAFE argues that Brozik's point is probably moot, in that the state court just recently provided a report finding that all the assets belong to Parmer, not Brozik.  However, this state court report will not be adopted until after a hearing.  Nonetheless, this Court affirms the magistrate judge's order and overrules Brozik's objections.

Brozik's contentions fail to demonstrate a "strong unyielding belief that a mistake has been made" so as to have this Court alter the magistrate judge's order of sale.  <u>Id.</u>  His objections fail to convince this Court that the magistrate judge made any errors.

This Court overrules all of Brozik's objections to the magistrate judge's Sale Orders.

IV. Conclusion

For the reasons stated, Mitch Brozik's objections to the order of sale are OVERRULED. The sale shall proceed at the time and place designated in the orders of sale by Magistrate Judge Seibert (ECF Nos. 186 and 187).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 5, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE