IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

    Plaintiff,

v.                               Civil Action No. 1:12CV88
                                       (STAMP)
BETTY PARMER, SECURE US, INC.,
and MITCH BROZIK,

    Defendants,

and

GUARDIAN SECURITY, INC.,
and UNITED BANK, INC.,

    Intervenors.


**MEMORANDUM OPINION AND ORDER
OVERRULING INTERVENOR'S OBJECTIONS AND
AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO REQUIRE NON-SOLICITATION AGREEMENT
AND DENYING IN PART MOTION LIMITING
DISCLOSURE OF COMPETITIVE INFORMATION**

I.  Background

In this civil case, intervenor Guardian Security, Inc. ("Guardian") objects to the magistrate judge's order granting in part plaintiff's motion to require a non-solicitation agreement and denying in part the limiting of disclosure of competitive information ("order"). See ECF No. 204. This case involves an alleged sham sale of defendant Mitch Brozik's ("Brozik") former company, Secure US, Inc. ("Secure US"), to his aunt, Betty Parmer ("Parmer"). Brozik allegedly sold Secure US to Parmer to avoid a

monetary judgment that plaintiff Security Alarm Financing Enterprises, Inc. ("SAFE") received. On May 22, 2014, this Court entered a judgment for plaintiff against Parmer equaling $1,132,028.42. Then on May 28, 2014, this Court issued an order granting the plaintiff's writ of fieri facias and appointed United States Magistrate Judge James E. Seibert as the officer to seize and sell the property of Secure US in order to satisfy the judgment against it.

On June 19, 2014, SAFE filed a motion seeking an order of sale of assets. Following this, the magistrate judge held an evidentiary hearing on July 15, 2014, where all parties involved presented evidence and testimony regarding SAFE's motion. During the hearing, all witnesses testified that as time passed, the assets' value would decrease. Magistrate Judge Seibert entered an order granting the motion for sale of assets finding (1) the testimony and evidence presented credible, aside from Brozik's testimony to the contrary, and (2) that the sale should proceed because it is in the best interests of the parties. Magistrate Judge Seibert found it in the best interest of the parties to enter an order for the sale[1] ("Sale Orders") of assets because of the

---

[1]Magistrate Judge Seibert initially entered an order of sale (ECF No. 186). However, the magistrate judge later entered an "Amended Order Attaching Notice of Sale to Order Granting Motion for Sale of Assets" that incorporated the initial order of sale(ECF No. 187). Thus, this Court refers to both orders collectively as "Sale Orders."

continued decline in the assets' value resulting from this continued litigation.  Under the Sale Orders, the sale was originally scheduled to occur on Tuesday, September 9, 2014 at 9:30 a.m.

Following Magistrate Judge Seibert's Sale Orders, Brozik filed both an objection and supplemental objection on August 25, 2014. Brozik objected to the Sale Orders on four grounds.[2]  On September 5, 2014, this Court overruled Brozik's objections and affirmed the magistrate judge's Sale Orders in its memorandum opinion and order. <u>See</u> ECF No. 194.  Following that opinion and order, Guardian, a bidder for Secure US's assets, filed a motion to intervene.  ECF No. 195.  In its motion to intervene, Guardian claimed it was denied access to necessary information for the scheduled sale of the assets, and requested this Court postpone the sale until a later date.  In its order, this Court granted Guardian's motion, and postponed the sale until September 24, 2014.  ECF No. 198.

Following that order, on September 11, 2014, SAFE filed a motion for a protective order to limit disclosing competitive information or to at least require a non-disclosure agreement.  ECF No. 199.  SAFE intended this motion to limit the information Guardian would receive prior to the sale.  SAFE argued that bidders, including Guardian, requested confidential information

---

[2]Brozik's objections are not relevant to this opinion. His objections and this Court's opinion overruling those objections can be found at ECF No. 194.

that not all bidders could access, specifically customer accounts. Thus, bidders with that information, like Guardian, could "poach" the customers listed on the customer accounts for sale at the auction. Because of this, the magistrate judge entered an order requiring Guardian to sign a non-disclosure agreement and a non-solicitation agreement that (1) limited Guardian's access to only the subscriber contacts and customer accounts for bid purposes and (2) Guardian could not unfairly use such information. ECF No. 204.

On September 19, 2014, Guardian timely filed objections to the magistrate judge's order. ECF No. 205. Guardian first claims that the agreements required under the order limits what information Guardian may access. Guardian claims that the order allows Guardian access to only the customer accounts, but not several other items of information[3] it seeks before the sale begins. Therefore, Guardian argues that the terms of the non-disclosure and non-solicitation agreements for the customer accounts should apply to these other items, thus allowing Guardian full and necessary access.

Second, Guardian claims the order disadvantages it as a bidder in several ways. Specifically, Guardian asserts that the order only limits what Guardian, and not other bidders, may access and

---

[3]These items include total active recurring monthly revenue, total active monitored accounts, distribution of accounts by credit score, list of accounts receivable, and insurance policies in force.

4

forces only Guardian to adhere to the terms of non-disclosure and non-solicitation agreements.  However, other bidders who may already have access to information that Guardian currently may not access will be in an unfair position when the bidding occurs.[4]  Finally, Guardian claims that the order limits its future business in West Virginia because it limits Guardian's ability to solicit the customers listed under the accounts for sale.

Then, on September 22, 2014, SAFE filed a response to Guardian's objections.  ECF No. 207.[5]  SAFE first argues that the value of the assets continues to drop, and thus the sale of assets needs to happen sooner rather than later.  Second, SAFE accuses Guardian of deceiving everyone by first seeking only the customer accounts under the non-disclosure agreement, but now seeking more information than everyone believed it would need for the bid. Third, SAFE claims that if Guardian is given more information, it will harm the overall value of the assets at auction. Specifically, SAFE asserts that bidders will fear that overly informed parties, like Guardian, could lure away the customers listed under the customer accounts.  Thus, that would decrease the value of the customer accounts.  Finally, SAFE asserts that no

---

[4]Here, Guardian is referring to SAFE and Select Security, who currently operates Secure US (the company whose assets are at issue in this action) on behalf of Parmer.

[5]Defendant Betty Parmer also filed a response.  She states she adopts SAFE's response in its entirety.  ECF No. 208.

other bidders received more information than Guardian, and thus Guardian's claims and apprehension are baseless.[6]

For the reasons stated below, this Court affirms the magistrate judge's order and overrules Guardian's objections.

## II.  Applicable Law

Title 28, United States Code, Section 636(b)(3) provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." See also L. R. Civ. P. 72.01 (stating that a magistrate judge of this district is designated to perform, and may be assigned, any duty allowed by law to be performed by a magistrate judge). This "additional duties" clause of § 636 does not provide a statutorily defined standard of review. However, because "orders relating to postjudgment execution . . . are more analogous to nondispositive pretrial discovery dispositions," this Court applies the "clearly erroneous" standard of review to the magistrate judge's order. Fuddruckers, Inc. v. KCOB I, L.L.C., 31 F. Supp. 2d 1274, 1276 n.1 (D. Kan. 1998); see also 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3068.1 (2d ed. 1997) ("[o]rders regarding the scheduling of postjudgment discovery, for example, hardly seem to warrant de novo reexamination by the district court").

---

[6]It should be noted that the asset sale has been postponed until October 7, 2014, because the advertisements for the sale failed to include all of the assets for sale. See ECF No. 209.

6

Under the clearly erroneous standard, the court must accept the trier's findings of fact and the conclusions drawn from it, unless "after scrutinizing the entire record, [the court] form[s] a strong unyielding belief that a mistake has been made." Avery v. Hughes, 2010 WL 1009987, No. 09-CV-265 (D.N.H. Mar. 16, 2010) (quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999)). Or, stated differently, clearly erroneous means that "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); see also Story v. Norwood, 659 F.3d 680, 685 (8th Cir. 2011) (expounding on clear error standard).

## III. Discussion

As mentioned above, Guardian first asserts that the magistrate judge's order limits its access to other items of information it requests. Specifically, Guardian claims that the order limits its access to only the customer accounts, subject to signing non-disclosure and non-solicitation agreements. Because of these limitations in the scope of information it can attain, Guardian believes the order places it at a disadvantage. However, the magistrate judge acknowledged in his order that in a judicial sale of assets that involve customer accounts, many interests must be balanced. Of those interests, the two primary interests here are

7

confidentiality of customer information and future competition among interested bidders. In order to balance those interests, the magistrate judge limited the scope of information Guardian could access and the use of the information by requiring Guardian to submit to non-disclosure and non-solicitation agreements.

This Court agrees with the magistrate judge's requirements and limitations regarding the customer accounts. The nature of the assets involved here warrant the magistrate judge's ordered limitations. Although the limitations could disadvantage Guardian if other bidders, to the exclusion of Guardian, received unfettered access to all information, here no evidence exists to claim that is the case. Guardian's claim here fails to demonstrate that the magistrate judge clearly made a mistake. Thus, this Court affirms the magistrate judge's order limiting the scope of information that Guardian may access.

Guardian next claims that the order limits information that only Guardian may access but not the information that bidders or other parties may access. Specifically, Guardian asserts that bidders Select Security, who operates the former Secure US for defendant Parmer until the sale occurs, and SAFE receive an unfair advantage from the order. Because the order applies only to Guardian and not these other two potential bidders, Guardian claims the order greatly disadvantages it by placing limitations only on Guardian. Thus, Guardian seeks to have either the magistrate

judge's order vacated or exclude SAFE and Select Security from the sale of assets.

Guardian's objection hardly demonstrates that the magistrate judge clearly made a mistake. As provided in the order, this sale requires a balancing of competition among interested bidders and concerns about customer confidentiality because of the customer accounts involved. This Court fails to see any evidence that some potential bidders have received greater access to information than Guardian. The parties that Guardian seeks to exclude from the sale have obtained more information, if any, simply through their status as parties involved in this case. The fact they may have "received" more information is an inherent risk that exists through no unfair act of the parties attempting to disadvantage Guardian. Therefore, this Court agrees with the magistrate judge's order.

Finally, Guardian objects to the magistrate judge's order because it claims that its "non-access" to the information Guardian seeks has or will hinder its business in West Virginia. In particular, Guardian claims that the order subjects it to competitive limitations that no other bidder faces. As stated above, the order requires Guardian to sign non-disclosure and non-solicitation agreements in order to gain access to the customer accounts. Because no other bidder faces such limitations, Guardian asserts that these limitations will so disadvantage Guardian at the

sale that its future business in West Virginia will be seriously compromised.

This Court again agrees with the magistrate judge's order. The agreements balance interests that will ultimately make the auction as competitive and fair as the circumstances can allow. Although SAFE and Select Security could theoretically have obtained additional information, they obtained such information through their participation in this civil action. These are circumstances that fail to show preferential treatment to the extent that Guardian claims will unfairly disadvantage it at the auction. This Court fails to see any clear error by the magistrate judge regarding the limitations placed on Guardian. Therefore, this Court overrules Guardian's objections and affirms the magistrate judge's order.

Guardian's contentions fail to demonstrate a "strong unyielding belief that a mistake has been made" so as to have this Court alter the magistrate judge's order. Id. Its objections fail to convince this Court that the magistrate judge made any errors. This Court overrules all of Brozik's objections to the magistrate judge's order.

IV. <u>Conclusion</u>

For the reasons stated, Guardian's objections to the magistrate judge's order granting in part plaintiff's motion to require a non-solicitation agreement and denying in part the limiting of disclosure of competitive information (ECF No. 204) are OVERRULED.  Thus, this Court AFFIRMS the magistrate judge's order. The sale shall proceed at the time and place designated in the order readvertising and rescheduling the sale of assets by Magistrate Judge Seibert (ECF No. 209).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 29, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE