IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

    Plaintiff,

v().                                            Civil Action No. 1:12CV88
                                                         (STAMP)

BETTY PARMER, SECURE US, INC.,
and MITCH BROZIK,

    Defendants,

and

GUARDIAN SECURITY, INC.,
and UNITED BANK, INC.,

    Intervenors,

and

KOURT SECURITY PARTNERS, LLC
d/b/a SELECT SECURITY,

    Interested Party.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF SECURITY ALARM FINANCING ENTERPRISES, INC.
AND DEFENDANT BETTY PARMER'S EMERGENCY MOTION
FOR ADJOURNMENT OF JUDICIAL SALE,
SUSTAINING IN PART AND OVERRULING IN PART AS MOOT
PLAINTIFF SECURITY ALARM FINANCING ENTERPRISES, INC.
AND DEFENDANT BETTY PARMER'S OBJECTIONS,
VACATING THE MAGISTRATE JUDGE'S ORDER
DENYING THE POSTPONEMENT OF THE SALE,
VACATING THE JUDICIAL SALE OF ASSETS AND
DENYING AS MOOT DEFENDANT MITCH BROZIK'S MOTION TO ESCROW[1]**

---

[1] This memorandum opinion and order confirms in more detail the rulings of this Court contained in a letter to counsel or record dated October 14, 2014. ECF No. 229.

## I. Background

In this civil action filed in May 2012, the plaintiff Security Alarm Financing Enterprises, Inc. ("SAFE") and the defendant Betty Parmer ("Parmer") filed an emergency motion to adjourn or postpone the judicial sale involving assets subject to a judgment against defendants. See ECF No. 204. The case involves an alleged sham sale of defendant Mitch Brozik's ("Brozik") former company, Secure US, Inc. ("Secure US"), to his aunt, Parmer. Brozik allegedly sold Secure US to Parmer to avoid a monetary judgment that SAFE received. On May 22, 2014, following numerous earlier motions and hearings, this Court approved a stipulation of the parties and entered a judgment for plaintiff against Parmer equaling $1,132,028.42 plus interest and costs. ECF No. 164. Then, on May 28, 2014, this Court issued an order granting the plaintiff's motion for issuance of a writ of fieri facias and appointed United States Magistrate Judge James E. Seibert as the officer to seize and sell the property of Secure US in order to satisfy the judgment against it. ECF No. 169.

SAFE then filed a motion seeking an order of sale of assets. ECF No. 172. Following this, the magistrate judge held an evidentiary hearing on July 15, 2014, where all parties involved presented evidence and testimony regarding SAFE's motion. During the hearing, witnesses testified that as time passed, the value of the assets would decrease. Magistrate Judge Seibert entered an

order granting the motion for sale of assets finding (1) that the testimony and evidence presented was credible, aside from Brozik's testimony to the contrary, and (2) that the sale should proceed because it was in the best interests of the parties.  Because of this, the magistrate judge entered an order for the sale[2] ("sale orders") of assets because of the continued decline in the value of the assets resulting from this continued litigation.  Under the sale orders, the sale was originally scheduled to occur on Tuesday, September 9, 2014.

Following Magistrate Judge Seibert's sale orders, Brozik filed both an objection and supplemental objection.  Brozik objected to the sale orders on four grounds, and this Court overruled Brozik's objections and affirmed the magistrate judge's sale orders in its memorandum opinion and order.[3]  See ECF No. 194.  Following that opinion and order, Guardian Security, Inc. ("Guardian"), a bidder for Secure US's assets, filed a motion to intervene.  ECF No. 195. In its motion to intervene, Guardian claimed it was denied access to necessary information for the scheduled sale of the assets, and

---

[2]Magistrate Judge Seibert initially entered an order of sale (ECF No. 186).  However, the magistrate judge later entered an "Amended Order Attaching Notice of Sale to Order Granting Motion for Sale of Assets" that incorporated the initial order of sale (ECF No. 187).  Thus, this Court refers to both orders collectively as "sale orders."

[3]Brozik's objections are not relevant to this opinion.  His objections and this Court's opinion overruling those objections can be found at ECF No. 194.

3

requested this Court postpone the sale until a later date. In its order, this Court granted Guardian's motion and postponed the sale until September 24, 2014. ECF No. 198.

Following that order, on September 11, 2014, SAFE filed a motion for a protective order to limit disclosing competitive information or to at least require a non-disclosure agreement. ECF No. 199. SAFE intended this motion to limit the information Guardian would receive prior to the sale. SAFE argued that bidders, including Guardian, requested confidential information that not all bidders could access, specifically customer accounts. Thus, bidders with that information, like Guardian, could "poach" the customers listed on the customer accounts for sale at the auction. Because of this, the magistrate judge entered an order requiring Guardian to sign a non-disclosure agreement and a non-solicitation agreement that (1) limited Guardian's access to only the subscriber contacts and customer accounts for bid purposes and (2) prevented Guardian from unfairly using such information. ECF No. 204.

Thereafter, Guardian timely filed objections to the magistrate judge's order. ECF No. 205. Guardian claimed that the order failed to prevent other bidders from accessing confidential information, and that overall it faced significant disadvantages in the bidding process. SAFE then filed a response to Guardian's objections, asserting that Guardian's objections and apprehension

4

were baseless. ECF No. 207.[4] This Court entered a memorandum opinion and order overruling Guardian's objections and affirming the magistrate judge's order. ECF No. 210.

Following that opinion, Parmer and SAFE filed a joint motion to postpone the judicial sale to pursue the private sale of assets, which the magistrate judge had scheduled for October 7, 2014. ECF No. 213. In their joint motion, they assert that several private parties inquired about a private sale of the assets subject to the judicial sale. In order to continue those negotiations and resolve the sale, SAFE and Parmer requested that the magistrate judge postpone the sale so that they could pursue a private sale. Brozik, Guardian, and several interested bidders filed objections and responses, arguing that the assets would continue to decrease in value if the judicial sale was again postponed. See ECF Nos. 215, 217, and 218. Further, Brozik filed a motion to place the funds of the judicial sale in escrow, arguing that several issues remained pending regarding his right to the assets for sale. ECF No. 216. On October 6, 2014, the magistrate judge denied the joint motion to postpone the judicial sale, but placed a minimum bid of $4.32 million on the assets in order to maximize the sale proceeds. ECF No. 219. Further, the magistrate judge entered an order directing the successful bidder of the sale to deposit 10% of the

---

[4]Defendant Parmer also filed a response. She states she adopts SAFE's response in its entirety. ECF No. 208.

bid with the Clerk of Court at the time of sale, and then pay the remaining balance by October 14, 2014. ECF No. 221.

Following the judicial sale, SAFE and Parmer filed objections to the magistrate judge's order denying the joint motion to postpone the sale in order that they could pursue a private sale. ECF No. 224. In their objections, they first argue, citing at that time case authority mandating that SAFE, as a judgment creditor, had the right to adjourn or postpone the judicial sale. Second, they argue that the magistrate judge failed to adhere to the minimum bid requirements imposed in his order setting such terms. In furtherance of their objections, SAFE and Parmer filed an emergency motion to stay the sale of the assets under the judicial sale they claimed was erroneously conducted. ECF No. 225. Specifically, they seek to have all payment for the assets stayed until their objections (ECF No. 224) are resolved. This Court then entered an order directing all interested parties to respond to SAFE and Parmer's emergency motion and objections by October 14, 2014. ECF No. 226. Two parties, Select Security[5] and Guardian, timely filed responses to SAFE and Parmer's emergency motion and objections. ECF Nos. 227 and 228, respectively.[6] Those parties

---

[5]Kourt Security Partners, LLC d/b/a Select Security ("Select Security") was the winning bidder at the asset sale. Select Security placed a deposit by check in the amount of $300,000.00.

[6]An additional party, intervenor United Bank, Inc. advised this Court by telephone that it had no objections regarding SAFE and Parmer's motion and objections.

6

stated they supported SAFE and Parmer's request to have the magistrate judge's order denying the postponement of the judicial sale be overturned.

For the reasons set forth below, this Court will take the following action regarding the items discussed: (1) Parmer and SAFE's emergency motion (ECF No. 225) to the extent it seeks adjournment of the judicial sale to pursue a private sale is GRANTED; (2) Parmer and SAFE's joint objections (ECF No. 224) to the extent that it should have been permitted the postponement or adjournment of the judicial sale to pursue a private sale of the subject assets are SUSTAINED while the remaining objections are OVERRULED AS MOOT; (3) the magistrate judge's order denying the joint motion for postponement of judicial sale (ECF No. 219) is VACATED; (4) the judicial sale of assets that occurred on October 7, 2014, is VACATED; and (5) defendant Brozik's motion to escrow the proceeds of the sale (ECF No. 216) is DENIED AS MOOT.

## II. Applicable Law

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(3), a magistrate judge "may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." If a decision is made under the "additional duties" provision, then the decision is accorded de novo review by the district court. In re United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283,

289 (4th Cir. 2013); Wash. Post Co. v. Hughes, 923 F.2d 324 n.2 (4th Cir. 1991). Under a de novo standard, "the district court's consideration . . . must be independent and based upon the record before the court." LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). This differs with the arguably more difficult standard for overturning a magistrate judge's order under a "clearly erroneous standard," which requires the reviewing court, "on the entire evidence," to be "left with the definite and firm conviction that a mistake has been committed." Saunders v. Emory Healthcare, Inc., No. 1:07-CV-00282, 2008 WL 513340, *3 (N.D. Ga. Feb. 22, 2008) ("The standard for overturning a magistrate judge's order [under clearly erroneous] is a very difficult one to meet.") (internal citations omitted).

B.  Judgment Creditor's Power Over the Adjournment of Sale

When enforcing a money judgment, the court must issue a "writ of execution" unless it directs otherwise. Fed. R. Civ. P. 69(a)(1). Further, Rule 69 also provides that "the procedure and execution . . . must accord with the procedure of the state where the court is located." Accordingly, under West Virginia law, such method of execution involves a writ of fieri facias. W. Va. Code. § 38-4-5 (2014). If granted by the court, the writ "becomes a lien upon the personal property . . . owned by the judgment debtor." Barber v. Barber, 464 S.E.2d 358 (W. Va. 1995). Further, pursuant

to a writ of fieri facias, the court appoints an officer to levy the judgment against the property. W. Va. Code § 38-5-4.

However, the judgment creditor generally has the power to adjourn or postpone a judicial sale of assets, especially when either the judgment debtor or other parties consent or agree to it. <u>Foote v. Kansas City Life Ins. Co.</u>, 92 F.2d 744 (5th Cir. 1937) (judgment creditor could cancel judicial sale because he and debtor arranged another method of satisfying the judgment); <u>Wells Fargo Home Mortgage, Inc. v. Stull</u>, 876 A.2d 298, 302 (N.J. 2005) ("the judgment creditor . . . controls the timing of execution"); <u>Wills v. Chandler</u>, 2 F. 273 (D. Neb. 1880) (vacating a judicial sale where the judgment creditor and debtor agreed to another arrangement and canceled the sale, but the judicial sale occurred anyway); <u>Walker v. Commonwealth</u>, 18 Gratt. 13 (Va. 1867) ("A plaintiff may always, with the consent of all the defendants, abandon a levy upon the property of all or any of them, and afterwards sue [sic] out a new execution."); <u>see also</u> 30 Am. Jur. 2d <u>Executions, Etc.</u> § 401 ("Generally, it is the duty of the execution officer to sell goods . . . subject to execution without undue delay. However, the right . . . to order a delay in making an execution sale has been recognized on the ground that an execution is the process of the judgment creditor and is under his or her control.").

III. <u>Discussion</u>

A. <u>SAFE and Parmer's Objection to the Magistrate Judge's Order</u>

The primary issue here is whether a judgment creditor, SAFE, can adjourn or postpone a judicial sale when the judgment debtor, Parmer, agrees. In their objection to the magistrate judge's order denying the postponement of the sale, SAFE and Parmer first argue that SAFE, as a judgment creditor, had the right to adjourn or postpone the judicial sale. Second, they argue that the magistrate judge failed to adhere to the minimum bid requirements imposed in his order setting such terms. In his order, the magistrate judge denied the joint motion to postpone the sale to pursue a private sale, finding that the sale must proceed as previously advertised pursuant to West Virginia Code § 38-4-20 and this Court's writ of fieri facias. ECF No. 219.

Looking at the case law cited by the parties in the recent emergency motion and objections and record, this Court agrees with SAFE and Parmer's objections to the extent that SAFE should have been permitted to postpone or adjourn the judicial sale in order to pursue a private sale of the subject assets. As provided above, the case law indicates that generally, a judgment creditor has "plenary power over his execution, and the sheriff must do his bidding." <u>Walker</u>, 18 Gratt. at 21. Most significantly, as indicated earlier, the debtor, intervenors, and other interested parties all agree that SAFE had the right to postpone or adjourn

the judicial sale. Based upon the case law and record before this Court, SAFE had the right to adjourn or postpone the judicial sale. Accordingly, this Court sustains SAFE and Parmer's objections regarding the magistrate judge's order to the extent stated above. All other objections are OVERRULED AS MOOT.

B. <u>Emergency Motion to Stay Proceedings</u>

In furtherance of their objections to the magistrate judge's order, SAFE and Parmer also filed an emergency motion to stay the sale of the assets under the judicial sale they claimed was erroneously conducted. ECF No. 225. Specifically, they seek to have all payment for the assets stayed until their objections (ECF No. 224) are resolved. As discussed above, this Court finds that SAFE, as the judgment creditor, should have been granted the opportunity to adjourn the judicial sale to pursue a private sale. Accordingly, this Court grants SAFE and Parmer's motion to the extent that the Court permits an adjournment of the judicial sale to provide the opportunity for SAFE to conduct a private sale.

IV. <u>Conclusion</u>

For the reasons stated, this Court takes the following action regarding the matters discussed herein: (1) Parmer and SAFE's emergency motion (ECF No. 225) to the extent it seeks adjournment of the judicial sale to pursue a private sale is GRANTED; (2) Parmer and SAFE's joint objections (ECF No. 224) to the extent that SAFE should have been permitted to postpone or adjourn the judicial

sale to pursue a private sale of the subject assets are SUSTAINED; (3) the magistrate judge's order denying the joint motion for postponement of sale (ECF No. 219) is VACATED; and (4) Brozik's motion to escrow the proceeds of the sale (ECF No. 216) is DENIED AS MOOT. Further, all other objections filed are OVERRULED AS MOOT.

Accordingly, the sale of assets that occurred on October 7, 2014 is VACATED. The Clerk of Court is DIRECTED to refund to Select Security the deposit paid for the assets by returning the deposit check of Charles J. Kaiser, Jr. of the law firm of Phillips, Gardill, Kaiser & Altmeyer, attorney for Kourt Security Partners, LLC d/b/a Select Security. Therefore, the judicial sale in this civil action is ADJOURNED for 60 days. On or before that time, SAFE shall submit a report to this Court advising it of the status of the case particularly as to the conduct of the private sale.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     October 20, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE