IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SECURITY ALARM FINANCING
ENTERPRISES, INC.,

    Plaintiff,

v.                                   Civil Action No. 1:12CV88
                                              (STAMP)
BETTY PARMER, SECURE US, INC.,
and MITCH BROZIK,

    Defendants,

and

GUARDIAN SECURITY, INC.
and UNITED BANK, INC.,

    Intervenors,

and

KOURT SECURITY PARTNERS, LLC
d/b/a SELECT SECURITY,

    Interested Party.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT MITCH BROZIK'S MOTION TO RECONSIDER
AND DENYING INTERVENOR UNITED BANK, INC.'S
MOTION TO REOPEN THE CIVIL ACTION**

I. Background

    The facts of this civil action are well-known by the parties, their counsel, and this Court. Because of that, this Court will only discuss the most relevant facts.[1] The case involves an alleged sham sale of defendant Mitch Brozik's ("Brozik") former

---

[1] For a more thorough discussion of the facts of this case, see ECF No. 230.

company, Secure US, Inc. ("Secure US"), to his aunt, defendant Betty Parmer ("Parmer"). Brozik allegedly sold Secure US to Parmer to avoid a monetary judgment that the plaintiff Security Alarm Financing Enterprises, Inc. ("SAFE") received. In May 2014, following numerous motions and hearings, this Court approved a stipulation of the parties and entered a judgment for SAFE against Parmer equaling $1,132,028.42 plus interest and costs. ECF No. 164. This Court then granted the plaintiff's motion for issuance of a writ of fieri facias and appointed United States Magistrate Judge James E. Seibert as the officer to seize and sell the property of Secure US in order to satisfy the judgment against it. ECF No. 169.

SAFE then filed a motion seeking an order of sale of assets. ECF No. 172. Magistrate Judge Seibert then conducted an evidentiary hearing on the matter, which included the testimony of Patrick Egan, an owner of Kourt Security Partners, LLC ("Kourt"). After conducting an evidentiary hearing on that motion, Magistrate Judge Seibert entered an order for the sale[2] ("sale orders") of assets. Prior to the sale orders, United Bank, Inc. ("United") filed a motion to intervene, which this Court granted. ECF Nos.

---

[2]Magistrate Judge Seibert initially entered an order of sale (ECF No. 186). However, the magistrate judge later entered an "Amended Order Attaching Notice of Sale to Order Granting Motion for Sale of Assets" that incorporated the initial order of sale (ECF No. 187). Thus, this Court refers to both orders collectively as "sale orders."

2

176 and 181, respectively.³  Later, Guardian Security, Inc. ("Guardian"), a bidder for Secure US's assets, also filed a motion to intervene and to postpone the judicial sale.  ECF No. 195.  This Court granted Guardian's motion, and thus postponed the judicial sale.  ECF No. 198.⁴

Prior to the judicial sale, Parmer and SAFE filed a joint motion to postpone the judicial sale in order to pursue a private sale of the assets.  ECF No. 213.  Brozik, Guardian, and several interested bidders filed objections and responses, arguing that the assets would continue to decrease in value if the judicial sale was again postponed.  ECF Nos. 215, 217, and 218.  Further, Brozik filed a motion to place the funds of the judicial sale in escrow. ECF No. 216.  Regarding the joint motion to postpone the judicial sale, the magistrate judge denied that motion, but placed a minimum bid on the sale and required a deposit of 10% of the bid price. ECF Nos. 219 and 221. SAFE and Parmer filed objections to the magistrate judge's order denying their motion to postpone the judicial sale.  ECF No. 224.  After analyzing both the parties'

---

³Following the sales orders, Brozik filed objections to those orders.  Brozik's objections are not relevant to this opinion. This Court's opinion overruling those objections can be found at ECF No. 194.

⁴The parties then disputed the terms of an order by the magistrate judge that required Guardian to sign both a non-disclosure agreement and a non-solicitation agreement concerning certain customer accounts.  Ultimately, this Court overruled Guardian's objections to that order.  ECF No. 210.

filings on the matter and the facts before it, this Court granted SAFE and Parmer's motion to stay the judicial sale and permitted them to pursue a private sale.[5]  ECF No. 230.

One month later, SAFE filed a status report regarding the private sale.  ECF No. 245.  That status report indicated that the private sale was successfully concluded, stating that "[a]s a result of the private sale, SAFE is no longer pursuing claims against Parmer.  **This lawsuit has therefore been fully resolved**."  Id. (emphasis added).  After receiving no objections or any other filings following SAFE's status report, this Court entered an order dismissing the civil action with prejudice.  ECF No. 248.

At issue now are United's motion to reopen this civil action, and Brozik's motion for reconsideration.  ECF Nos. 250 and 257, respectfully.  Those two motions are discussed below.

A.  Motion to Reopen

In its motion, which was filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, United claims that it is a secured creditor of the defendants under multiple loans.  United argues that it has first priority over the security interests in the collateral that was sold through the private sale.  In addition

---

[5]This Court also sustained SAFE and Parmer's objections regarding the adjournment of the judicial sale but overruled the remaining objections as moot, vacated both the magistrate judge's order denying the motion to postpone the judicial sale and the judicial sale that occurred, and denied as moot Brozik's motion to escrow funds.  ECF No. 230.

to the collateral, United also believes that it is entitled to the proceeds of the private sale because of its priority status. United then asserts that no party to the private sale will disclose to United relevant information about the sale, such as the sale price or the terms and conditions of the private sale. Further, United claims that it relied on the magistrate judge's prior order wherein the magistrate judge declined to create an escrow account for any proceeds of a judicial sale, but provided that the disposition of the judicial sale proceeds would occur after such judicial sale. United alleges that it relied on that order by awaiting this Court's determination of the judicial sale proceeds. Because that never occurred, United allegedly was unfairly prejudiced when this Court dismissed the civil action from its docket. United also asserts that it would be a waste of judicial resources for it to file a new civil action and "start over" regarding its claim in the security interest. United thus requests $827,000.00 plus attorneys' fees and costs from the proceeds of the sale.

SAFE and Parmer argue that United's motion to reopen is without merit for three primary reasons. First, they claim that this Court lacks jurisdiction to control the private sale of assets, referring to this Court's prior ruling (ECF No. 230) wherein it determined that the parties had a right to conduct a private sale. Second, they argue that Parmer has filed a suit

against United in state court, which is currently ongoing and which will ultimately resolve the dispute. Third, SAFE and Parmer assert that although United may have had a right to the collateral, it does not have a right to the proceeds of the private sale. In addition to SAFE and Parmer's response, defendant Brozik filed a motion wherein he joins in support of United's motion to reopen the civil action. ECF No. 256.

After reviewing United's motion and the parties' filings, this Court directed the parties, either jointly or severally, to file a status report regarding the pending state court action between Parmer and United. ECF No. 254. SAFE, Brozik, United, and Parmer each filed status reports. Based on those reports, it appears that the state action still remains pending.

B. <u>Motion to Reconsider</u>

After United filed its motion to reopen, Brozik then filed a motion for reconsideration regarding the sale orders. ECF No. 257. In his motion, Brozik argues that the testimony of Mr. Egan, an owner of Kourt, at a July 2014 hearing was not credible. In fact, Brozik argues that Mr. Egan lied at that hearing. Following the July 2014 hearing conducted by the magistrate judge about whether to conduct the initial judicial sale, the magistrate judge stated that Mr. Egan's testimony at that hearing was credible, and that Brozik's testimony was not credible. In the motion at issue, Brozik claims that Mr. Egan lied about (1) his plans to bid on the

6

assets for sale, (2) cancelling certain accounts, and (3) other "questionable" actions. Brozik then points to a state court action, where Parmer filed a claim against Mr. Egan for the mismanagement of Secure US's assets. Overall, Brozik argues that Mr. Egan engaged in fraudulent behavior to acquire Secure US's assets. For those reasons, Brozik requests that this Court conduct a hearing on the matter. Brozik later filed a supplement to his motion for reconsideration. ECF No. 263. In that supplement, Brozik points to passages of the transcript where Mr. Egan allegedly lied. Brozik first claims that Mr. Egan lied about forming a separate company that managed assets for Parmer. Next, Brozik argues that Mr. Egan lied about discussing non-compete clauses with his employees. In essence, Brozik argues that "the point of all this is that Patrick Egan lied to the Court in an effort to secure a court order so he could buy the assets of [Secure US]. The Court placed great value on Mr. Egan's perjured testimony in making its rulings which we now ask to be reconsidered." ECF No. 263.

In its response in opposition, in which Parmer joins, SAFE first argues that Brozik's motion to reconsider is moot because the judicial sale was already adjourned. ECF No. 259. Here, SAFE points out that this Court permitted the private sale of assets, and that the private sale concluded in November 2014. Because the judicial sale will never occur, SAFE argues that Brozik's motion is

7

moot. Second, SAFE claims that Mr. Egan did not lie to the Court at the July 2014 hearing.

For the reasons set forth below, Brozik's motion to reconsider is denied (ECF No. 257), and United's motion to reopen is denied (ECF No. 250).

## II. Applicable Law

A. Motions under Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or other terms, relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Generally, motions to reconsider are "to be granted only in such extraordinary circumstances . . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States S.E.C. v. Nat'l Presto Industries, Inc., 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (quoting Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)); see Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64

(1988); <u>Massengale v. Oklahoma Bd. of Examiners in Optometry</u>, 30 F.3d 1325, 1330-31 (10th Cir. 1994). It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). Examples of when a motion to reconsider may be appropriate include situations such as the following:

> [W]here . . . the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

<u>Id.</u> at 101; <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185 (7th Cir. 1990).

B. <u>Judgment Creditor's Power Over the Adjournment of Sale</u>

When enforcing a money judgment, the court must issue a "writ of execution," unless it directs otherwise. Fed. R. Civ. P. 69(a)(1). Further, Rule 69 also provides that "the procedure and execution . . . must accord with the procedure of the state where the court is located." Accordingly, under West Virginia law, such method of execution involves a writ of fieri facias. W. Va. Code. § 38-4-5 (2014). If granted by the court, the writ "becomes a lien upon the personal property . . . owned by the judgment debtor." <u>Barber v. Barber</u>, 464 S.E.2d 358 (W. Va. 1995). Further, pursuant

9

to a writ of fieri facias, the court appoints an officer to levy the judgment against the property. W. Va. Code § 38-5-4.

However, the judgment creditor generally has the power to adjourn or postpone a judicial sale of assets, especially when either the judgment debtor or other parties consent or agree to it. Foote v. Kansas City Life Ins. Co., 92 F.2d 744 (5th Cir. 1937) (judgment creditor could cancel judicial sale because he and debtor arranged another method of satisfying the judgment); Wells Fargo Home Mortgage, Inc. v. Stull, 876 A.2d 298, 302 (N.J. 2005) ("the judgment creditor . . . controls the timing of execution"); Wills v. Chandler, 2 F. 273 (D. Neb. 1880) (vacating a judicial sale where the judgment creditor and debtor agreed to another arrangement and canceled the sale, but the judicial sale occurred anyway); Walker v. Commonwealth, 18 Gratt. 13 (Va. 1867) ("A plaintiff may always, with the consent of all the defendants, abandon a levy upon the property of all or any of them, and afterwards sue [sic] out a new execution."); see also 30 Am. Jur. 2d Executions, Etc. § 401 ("Generally, it is the duty of the execution officer to sell goods . . . subject to execution without undue delay. However, the right . . . to order a delay in making an execution sale has been recognized on the ground that an execution is the process of the judgment creditor and is under his or her control.").

III. Discussion

Regarding the two motions at issue, this Court will first address Brozik's motion to reconsider. After ruling on that motion, this Court will then turn to United's motion to reopen this civil action. As stated earlier, both of those motions are denied.

A. Motion to Reconsider by Brozik

The thrust of Brozik's motion to reconsider is that Mr. Egan, an owner of Kourt, lied during an evidentiary hearing conducted by the magistrate judge. As proof of such perjury, Brozik claims that certain statements made by Mr. Egan could reasonably be construed as "an elaborate scheme to commit fraud on the Court." ECF No. 257. That alleged scheme would allow Mr. Egan to buy Secure US's assets at a steep discount. After reviewing the statements that Brozik points to as proof of such a scheme and perjury, and the magistrate judge's findings, this Court finds that the motion must be denied.

As stated earlier, motions to reconsider are granted only under extraordinary circumstances. No such circumstances exist here. Brozik alleges that Mr. Egan failed to alert the Court of the pending state court action, which was allegedly filed before the initial judicial sale occurred. He also claims that Mr. Egan lied about obtaining certain licenses regarding a separate company that allegedly managed Parmer's assets. Brozik then looks to Mr. Egan's statement that Mr. Egan did not ask employees of that

11

separate company to sign non-compete clauses.  According to Brozik, Mr. Egan lied about all of those matters.  Because of that, Mr. Egan's lies "could be reasonably" construed as a scheme to commit fraud, and "could have meant that the Court would have refused to allow [the parties] to proceed with a private sale."  The key word used in Brozik's arguments and conclusions is "could."  Although his bald allegations could be true, Brozik's accusations rest on equivocal statements made by Mr. Egan that frankly have little to no relevance in this civil action.  To conclude that Mr. Egan's statements supported a grand scheme of fraud, or that his statements served as the catalyst for the initial judicial sale to occur, is simply without merit.  At that evidentiary hearing, the magistrate judge considered all the evidence and found Mr. Egan's testimony to be credible and that Brozik's testimony was not credible.  The magistrate judge was in the better position to judge the credibility of the witnesses.  Based on the record before it, this Court will not disturb the magistrate judge's credibility findings.  Furthermore, this Court does not find extraordinary circumstances that justify granting Brozik's motion to reconsider.  Accordingly, his motion to reconsider is denied.

B. <u>Motion to Reopen by United</u>

The remaining motion at issue is United's motion to reopen, which it filed under Rule 60(b).  The primary issues raised by United in its motion are that it relied on this Court to determine

12

the sale proceeds following a judicial sale, and that it has first priority over the collateral sold through the private sale and its proceeds. As will be discussed below, however, this Court lacks jurisdiction over the private sale and therefore over United's motion to reopen.

United's motion to reopen must be denied. As provided above and in this Court's previous ruling on the matter, the case law indicates that generally, a judgment creditor has "plenary power over his execution, and the sheriff must do his bidding." Walker, 18 Gratt. at 21. When SAFE decided to pursue a private sale, this Court no longer maintained jurisdiction over the sale. If a judicial sale did occur, then perhaps this Court could have been involved in determining any distribution of the sale proceeds, as United seems to contend. The problem with United's contention, however, is that a judicial sale did not occur. Instead, SAFE pursued a private sale of the assets. Therefore, to the extent that United claims it relied on this Court to distribute the sale proceeds, that argument lacks merit. In addition to the lack of jurisdiction, it is noteworthy that United never filed an initial objection to SAFE's pursuit of a private sale. The record shows that SAFE filed a status report regarding the completion of the private sale. ECF No. 245. That status report indicated that not only had the private sale concluded, but also that "[t]his lawsuit ha[d] therefore been fully resolved." Id. Two weeks after

13

receiving that report, and after receiving no objection by the parties, this Court then entered an order dismissing the civil action with prejudice. ECF No. 248. Approximately 16 days after that order, and almost 32 days after SAFE filed its status report, United then filed its motion to reopen. The facts show that United did not make those objections known on the record. United not only failed to file objections when SAFE first indicated the conclusion of the private sale, but also failed to do so when this Court permitted the private sale to proceed in October 2014. ECF No. 230. United also believes that by granting its motion to intervene, this Court recognized that "United sought to protect a senior security interest in the former Secure US assets." ECF No. 253. This Court, however, did not determine United's priority when it granted the motion to intervene. That order simply recognized that United could intervene in this civil action, and only indicated that United is a "potential secured creditor." ECF No. 181. Therefore, the motion to intervene should be construed as permitting United to intervene so as to adequately represent its alleged interest in this civil action, rather than determining either its seniority or the validity of its interest. Therefore, United's motion must be denied for lack of jurisdiction.

IV. Conclusion

For the reasons stated above, defendant Mitch Brozik's motion to reconsider (ECF No. 257) and United Bank, Inc.'s motion to reopen (ECF No. 250) are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   April 27, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE